Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
12/10/2021 08:08 AM CST

State of Nebraska, appellee, v.
Steven Jacob, appellant.
___ N.W.2d ___

Filed September 17, 2021.    No. S-20-584.

### SUPPLEMENTAL OPINION

Appeal from the District Court for Lancaster County: Darla S. Ideus, Judge. Former opinion modified. Motion for rehearing overruled.

Steven Jacob, pro se.

Douglas J. Peterson, Attorney General, and Austin N. Relph for appellee.

Miller-Lerman, Cassel, Funke, and Papik, JJ.

Per Curiam.

This case is before us on a motion for rehearing filed by the appellant, Steven Jacob, concerning our opinion in *State v. Jacob*, 309 Neb. 401, 960 N.W.2d 327 (2021). We find no substantive merit to Jacob's motion and overrule it, but modify the opinion as follows:

In the background section, under the subheading "Motion for DNA Testing," we withdraw the last sentence of the first paragraph, *id.* at 405, 960 N.W.2d at 331, and substitute the following:

Jacob argued that with current methods of retrieving DNA from shell casings, the DNA on the shell casings

could "identify who took and loaded the firearm from [his] office" and is exculpatory because it "shows the Llama 9mm handgun used in the shooting was NOT in [his possession] at the time of and preceeding [sic] the shooting."

In the background section, under the subheading "Motion for DNA Testing," we withdraw the last sentence of the second paragraph, *id.*, and substitute the following:

Thus, according to Jacob, that person's DNA could be present on the shell casings found by the police.

In the background section, under the subheading "Motion to Alter or Amend," we withdraw the fourth sentence of the first paragraph, *id.* at 408, 960 N.W.2d at 333, and substitute the following:

In regard to DNA testing on the shell casings, Jacob reasserted his argument that because he only kept four cartridges loaded in the gun, and because the police found six shell casings and one unfired cartridge, the person who fired the gun would have had to insert more cartridges, meaning that the DNA of the shooter could be on the shell casings found at the crime scene.

In the analysis section, under the subheading "Denial of Jacob's Motion for DNA Testing," we withdraw the third paragraph, *id.* at 413, 960 N.W.2d at 335, and substitute the following:

Jacob claims the requested testing on the shell casings would show other individuals' DNA on the shell casings, which would prove that he was not the shooter. Jacob also claims the requested testing on the gauze would show the presence of Etherton's DNA, ultimately giving Hopper a motive to shoot Etherton. We agree with the district court's conclusion that even if we were to assume that Jacob's DNA was absent from the items, or that the DNA of Hopper, Etherton, or Ingram was present on those items, such results would not provide

noncumulative exculpatory evidence that Jacob did not fire the shots.

The remainder of the opinion shall remain unmodified.

Former opinion modified.

Motion for rehearing overruled.

Heavican, C.J., and Stacy and Freudenberg, JJ., not participating.